IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TIMOTHY DANIEL,                                                                   PLAINTIFF

v.                                          2:22CV00238-DPM-JTK

ARKANSAS COUNTY DETENTION
CENTER, et al.                                                                    DEFENDANTS

## ORDER

Timothy Daniel ("Plaintiff") is confined in the Arkansas County Detention Center. He filed this pro se action under 42 U.S.C. § 1983 alleging violations of his federally protected rights (Doc. No. 1).[1] Plaintiff also filed a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 3, 4, 5).

The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim on which relief may be granted. (Doc. No. 5). The Court gave Plaintiff the chance to file an Amended Complaint to cure the defects in his pleading. (Id. at 8). The Court provided Plaintiff a detailed explanation as to why his claims

---

[1] Sixteen other inmates are listed as plaintiffs on the Complaint. (Doc. No. 1 at 6). The Court opened a separate action for each additional plaintiff. The related cases are Statewright v. Arkansas County Detention Center, et al., 2:22-cv-00222-DPM-JTK; Cruz v. Arkansas County Detention Center, et al. 2:22-cv-00223-DPM-JTK; Hobbs v. Arkansas County Detention Center, et al. 2:22-cv-00224-DPM-JTK; Wofford v. Arkansas County Detention Center, et al. 2:22-cv-00225-DPM-JTK; Rankin v. Arkansas County Detention Center, et al. 2:22-cv-00226-DPM-JTK; Smith v. Arkansas County Detention Center, et al. 2:22-cv-00227-DPM-JTK; Tullos v. Arkansas County Detention Center, et al. 2:22-cv-00228-DPM-JTK; Parris v. Arkansas County Detention Center, et al. 2:22-cv-00229-DPM-JTK; Parks v. Arkansas County Detention Center, et al. 2:22-cv-00230-DPM-JTK; McMillian v. Arkansas County Detention Center, et al. 2:22-cv-00231-DPM-JTK; Reeves v. Arkansas County Detention Center, et al. 2:22-cv-00232-DPM-JTK; Bray v. Arkansas County Detention Center, et al. 2:22-cv-00233-DPM-JTK; Roberts v. Arkansas County Detention Center, et al. 2:22-cv-00234-DPM-JTK; Wormley v. Arkansas County Detention Center, et al. 2:22-cv-00235-DPM-JTK; Wofford v. Arkansas County Detention Center, et al. 2:22-cv-00236-DPM-JTK; and Huggins v. Arkansas County Detention Center, et al. 2:22-cv-00237-DPM-JTK.

as currently pled failed, as well as advising Plaintiff about what he should include in any Amended Complaint. (Id. at 5-9). The Court cautioned Plaintiff that an Amended Complaint would render his original pleading without legal effect. (Id. at 8).

Plaintiff has filed his Amended Complaint. (Doc. No. 6). The will now screen Plaintiff's claims.

## I.   Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.   Plaintiff's Amended Complaint

In his Amended Complaint, Plaintiff sued Arkansas County Jail Administrator Tyran McCradic in his official capacity. (Doc. No. 6 at 1-2). Plaintiff did not provide any factual

allegations regarding Defendant McCradic's allegedly unlawful behavior; Plaintiff's statement of claim was left entirely blank. (Id. at 4). Further, Plaintiff does not ask for any relief.

Plaintiff's Amended Complaint is the only live pleading in this case. Without any allegations against Defendant McCradic, and without a request for relief, Plaintiff's Amended Complaint fails. The Court will give Plaintiff one more opportunity to cure the deficiencies in his pleadings.

### III. Superseding Amended Complaint

Plaintiff may amend his Amended Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Second Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that a Second Amended Complaint renders his Amended Complaint without legal effect.[2] Only claims properly set out in the Second Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Second Amended Complaint should: **1) name as a Defendant each party he believes deprived him of him constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him**

---

[2] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

3

**personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

IV.  Conclusion

   IT IS THEREFORE ORDERED that:

   1.   If Plaintiff wishes to submit a Second Amended Complaint for the Court's review, he must file the Second Amended Complaint within thirty (30) days from the date of this Order. If Plaintiff does not submit a Second Amended Complaint, I will recommend that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

   2.   The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

   IT IS SO ORDERED this 14th day of February, 2023.

   _____
   JEROME T. KEARNEY
   UNITED STATES MAGISTRATE JUDGE